UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
   Harolyn Owens, ) CASE NO. 09-04745-TOM-7
   SSN: xxx-xx-9537 )
               DEBTORS. )

MEMORANDUM OPINION AND ORDER

This case is before the Court on Debtor's Motion to Reopen. It appears that no notice and hearing is necessary for the resolution of this motion. This Court has jurisdiction. 28 U.S.C. §1334(b). This is a core proceeding. 28 U.S.C. §157(b)(2)(A). The Court has considered the motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.

The debtor(s) filed a petition for relief under Chapter 7 of the Bankruptcy Code on **(PETITION DATE)**. On **(341 NOTICE DATE)**, this Court issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made and directing creditors not to file a proof of claim until they received a notice from the Court to do so. No notice to file claims was ever issued. The trustee filed his Final Report on **(FINAL REPORT DATE)**. An order discharging the debtor(s) from all dischargeable debts was entered on **(DISCHARGE DATE)**. The case was closed on **(CLOSURE DATE)**.

On **(MOTION DATE)**, **(DEBTORS)** filed a Motion to Reopen Case. In that motion, the debtor(s) requested that the case be reopened to amend the schedules to add **(# OF DEBTS ADDED)** debt(s) that preexisted the filing of the Chapter 7 case. Pursuant to 11

1

U.S.C. §350, a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The only stated reason for wanting to reopen the case was to amend the schedules to add the **(# OF DEBTS ADDED)** debt**(s)**. Presumably, the debtor**(s) is/are** concerned that the debt**(s) was/were** not discharged because of the failure to properly list **it/them**. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. §727. That section provides that the debtor is "discharged . . . from all debts that arose before the date of the order for relief." Nothing in §727 prevents an unscheduled debt from being discharged. There is no indication that either the debtor**(s)** or the creditor**(s)** wish to file an adversary proceeding regarding the dischargeability of the debt**(s)** in question.

Therefore, the Court concludes that cause does not exist for the case to be reopened. Any debts which were dischargeable were discharged by the Court's order of **(DISCHARGE DATE)**.[1] Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen Case is **DENIED**.

Dated this the 22nd day of February 2010

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

---

[1] The Court would cite the parties to the decision on this issue which was previously entered in In re Coleman, Case No. 93-03514-TOM-7, December 29, 1995, for more in depth analysis of the issue of reopening Chapter 7 cases to amend schedules.